IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MARYLAND

| | |
|---|---|
| **JENNIFER ANDERSON** | * |
| **Plaintiff,** | * |
| v. | *   Case No. 8:14 CV-02615-GJH |
| **HOME DEPOT U.S.A., INC., et al.** | * |
| **Defendant.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

The Plaintiff, Jennifer Anderson, by and through her attorneys, Michael J. Schreyer and Alpert Schreyer, LLC opposes the Defendant, ClosetMaid Corporation's Motion to Dismiss For Failure to State a Claim and states the following:

**I. INTRODUCTION**

1. Plaintiff Jennifer Anderson, an employee of the U.S. Department of State, was shopping at Home Depot on October 30, 2011 when a shelf bracket which had been improperly installed and secured fell and struck her head.  (See Exhibit 1, photograph of ClosetMaid shelves.)  As a result of the injury she sustained a disc protrusion at the C5-C6 level with a secondary focal point parasagittal/intraforaminal protrusion which casues complete effacement of anterior thecal sac and a moderate impression/flattening upon the anterior cervical cord, and mild central canal stenosis.  In addition the disc damage causes severe right and moderate-severe left neuroforaminal impingement at this levels well.  Ms.

ALPERT SCHREYER, LLC
8 Post Office
Waldorf, Maryland 20602
301-932-9997

Anderson is scheduled to have surgery on her spine in January, 2015 to correct or alleviate the problems stemming from this trauma.

2. This action involves allegations of negligence by two Defendants, ClosetMaid Corporation, hereinafter "ClosetMaid" and Home Depot USA, Inc., hereinafter "Home Depot." At issue in ClosetMaid's Motion to Dismiss is Count IV of the Amended Complaint. (See Exhibit 2 Amended Complaint).

3. Count Four of the Complaint, paragraphs 32 through 39 are directed solely at Defendant ClosetMaid. The allegations, taken in the light most favorable to the Plaintiff, support a prima facie case of negligence against ClosetMaid. The factual allegation demonstrate: (1) a duty by ClosetMaid to install the shelves safely, (2) a breach of that duty through the negligent installation of the shelves, and (3) a direct and proximate cause of (4) injuries to Ms. Anderson because of the violation of that duty.

4. The duty of reasonable care is pled in Count Four, and can be found at paragraphs 35 through 36. As expressed in these paragraphs Defendant ClosetMaid had a duty to install and inspect the shelf bracket in a safe manner, to make sure that it was secure, and to prevent the Plaintiff or other shoppers in the warehouse store from coming into contact with a hazard it created through faulty workmanship. This paragraph conforms with the duty as expressed in the Maryland Civil Pattern Jury Instructions concerning Negligence. (*Negligence is doing something that a person using reasonable care would not do, or not doing something that a person using reasonable care would do. Reasonable care means that caution, attention or skill a reasonable person would use under similar circumstances.* MPJI-CV19:1. )

5. The breaches of that duty are set forth in paragraph 33 and 34 of the Complaint. The factual allegations cited in these paragraphs are sufficient especially when viewed in the light most favorable to the Plaintiff, to support a prima facie case against ClosetMaid. Specifically Plaintiff alleges that the employees of ClosetMaid did not install secure and inspect the bracket while carrying out their duties on behalf of their employer. This is further expressed in paragraph 37. Paragraphs 38 and 39 of the complaint alleged that as a

ALPERT SCHREYER, LLC
8 Post Office
Waldorf, Maryland 20602
301-932-9997

direct and proximate result Plaintiff was injured. Further, the details concerning the injuries are incorporated from the previous counts and paragraphs of the Complaint leading up to Count Four.

      6.     ClosetMaid places excessive reliance on the title given to Count Four of the Complaint. The title is a guide and is not substantive. The Plaintiff used the word "Agency" only instead of "Negligence and Agency" to label this count of the Complaint. A label is intended primarily to provide the reader with a tool for identifying the separate parts of the Complaint. What the Defendant chose not to discuss was the specific allegations of negligence of the Defendant ClosetMaid Corporation throughout paragraphs 32 through 39 and specifically in the following language in paragraph 39: "As a direct and proximate result of the negligence of the Defendant ClosetMaid Corporation, the Plaintiff sustained injuries and damages as aforesaid."

      7.     It should also be noted that this is not a premises liability claim against Defendant ClosetMaid. The discovery will demonstrate that ClosetMaid was a vendor which displayed its goods in the store "racks" or "bays" (See Ex 3, Contractor and Vendor Safety Standards, p.6 Definition of "Vendor"). Defendant ClosetMaid was required to perform the installation of its displays in a safe and reasonable manner. The "Contractor and Vendor Safety Standards" provide, by way of example, that the vendor must "*Use toe beams and bolted safety beams (or other approved restraining devices) to secure the following types of merchandise: 1. vertically stacked (i.e. pipe, molding)... 5. High bay netting and safety cables used to secure hand stacked merchandise must be kept closed*". (See Ex 3, Contractor and Vendor Safety Standards, p.17). Further, the vendor agrees to be responsible for the safety of its installation "*The safety of vendor displays shall at all times remain the responsibility of the vendor*". ". (See Ex 3, Contractor and Vendor Safety Standards, p.22, Vendor installed displays). Thus, the allegations in Count Four of the negligence of ClosetMaid are factual and sufficient to meet the standard of "notice pleading" concerning the actions of the employees of ClosetMaid in the installation of the shelves in the display referenced in the photographs attached as Exhibit 1.

ALPERT SCHREYER, LLC
8 Post Office
Waldorf, Maryland 20602
301-932-9997

8. Finally Defendant ClosetMaid has filed this Motion to Dismiss without any legal basis and in bad faith as is demonstrated by the plain language in the Complaint and the failure of ClosetMaid to clearly, plainly and fairly express the terms in the Complaint to the Court in its Motion. Under the circumstances it would be appropriate for the Court to award costs and attorneys fees to the Plaintiff for having to respond to this Motion which was entirely without merit.

WHEREFORE, Plaintiff request:

A. That the Defendant's Motion to Dismiss Plaintiff's Complaint against Defendant Clifford Chapman be denied; and

B. That this Honorable Court award costs and attorneys fees to the Plaintiff related to this Opposition to the Motion of Defendant ClosetMaid; and

C. Alternatively for leave to Amend the Complaint; and

D. For such other and further relief unto the Plaintiff as the nature of his cause may require and this Court deems proper and just.

Respectfully Submitted

ALPERT SCHREYER, LLC

_____
Michael J. Schreyer
Attorneys for Plaintiff
8 Post Office Road
Waldorf, MD 20602
(301) 932-9997

ALPERT SCHREYER, LLC
8 Post Office
Waldorf, Maryland 20602
301-932-9997

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of December, 2014, a copy of the foregoing Defendant, ClosetMaid Corporation's Motion to Dismiss For Failure to State a Claim and Order were mailed first class, postage prepaid, to:

Matthew T. Angotti
Rachel L. Stewart
Anderson, Coe & King, LLP
7 St. Paul Street, Suite 1600
Baltimore, MD 21202

Tamara B. Goorevitz
Franklin & Prokopik
Two North Charles Street, Suite 600
Baltimore, Maryland 21201

John Michael Kunsch
Sweeney & Sheehan
1515 Market Street, 19th Floor
Philadelphia, PA 19102

Michael J. Schreyer

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

JENNIFER ANDERSON                          *

    Plaintiff,                              *

v.                                         *   Case No. 8:14 CV-02615-GJH

HOME DEPOT U.S.A., INC., et al.            *

    Defendant.                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

The Court having considered the Defendant's Motion to Dismiss Plaintiff's Complaint against Defendant ClosetMaid Corporation, and having considered the Plaintiffs' Opposition thereto,

IT IS HEREBY this _____ day of _____, 2014 by the United States District Court for the District of Maryland

ORDERED that the Defendant's Motion to Dismiss Plaintiff's Complaint against Defendant ClosetMaid Corporation be and the same is hereby DENIED.

_____
JUDGE

ALPERT SCHREYER, LLC
8 Post Office
Waldorf, Maryland 20602
301-932-9997