IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| JENNIFER ANDERSON, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-14-02615 |
| HOME DEPOT U.S.A, INC., | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This is a negligence action brought by Plaintiff Jennifer Anderson ("Plaintiff") against defendants Home Depot U.S.A., Inc. ("Home Depot"), Clifford Chapman ("Chapman"), and ClosetMaid Corporation ("ClosetMaid") (collectively, "Defendants") arising from injuries sustained by Plaintiff while shopping at a Home Depot store in Maryland on October 30, 2011. This Memorandum and accompanying Order address ClosetMaid's Motion to Dismiss, ECF No. 22. The Court finds that a hearing is unnecessary in this case. *See* Local Rule 105.6 (Md.). For the reasons stated below, ClosetMaid's Motion to Dismiss is DENIED.

**I.   BACKGROUND**

On October 30, 2011, Plaintiff was shopping at the Home Depot located at 12050 Jefferson Farm Place, Waldorf, Maryland. *See* ECF No. 13 at ¶ 1. While shopping, Plaintiff was removing an item from a shelf when a bracket came loose and struck her on the head causing Plaintiff injuries. *See id.* at ¶ 3. Plaintiff alleges that ClosetMaid improperly installed the bracket that came loose and injured Plaintiff. *See id.* at ¶¶ 32-39. Accordingly, Plaintiff filed a

negligence action against ClosetMaid in the Circuit Court of Maryland for Charles County.[1] *See* ECF No. 2. On August 15, 2014, Home Depot removed that action to this Court. *See* ECF No. 2. Home Depot has filed its answer. *See* ECF No. 15. Chapman and ClosetMaid have both filed separate motions to dismiss. *See* ECF Nos. 19 & 22. This Memorandum Opinion and accompanying Order address only ClosetMaid's motion.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

## III.   DISCUSSION

As an initial matter, ClosetMaid moves to dismiss Plaintiff's amended complaint because it asserts a cause of action for "agency," which it contends is not a legally cognizable claim in

---

[1] Plaintiff also contends that Home Depot and Chapman were negligent in failing to take steps to prevent her injuries. *See* ECF No. 13 at ¶¶ 1-31.

Maryland. *See* ECF No. 22-1 at 4-5. While it is true that Plaintiff has captioned Count IV of her amended complaint as a claim for "agency," it is clear that, notwithstanding Plaintiff's erroneous title, she is attempting to state a negligence action against ClosetMaid for its alleged failure to properly install the shelving bracket. *See* ECF No. 13 at ¶¶ 32-39. The Court, under the liberal pleading standards set forth in Fed.R.Civ.P. 8(a), will construe Count IV as a claim for negligence against ClosetMaid.

For Plaintiff to state a prima facie claim in negligence, she must allege facts demonstrating "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Remsburg v. Montgomery*, 376 Md. 568, 831 A.2d 18, 26 (2003) (internal quotation marks omitted). For purposes of a motion to dismiss, Plaintiff has satisfied this initial pleading burden.

First, when viewing the allegations in the light most favorable to Plaintiff, she has adequately alleged that ClosetMaid was under a duty to protect her from injury. Although not a model of clarity, Plaintiff appears to allege that by undertaking to perform services for Home Deport that were necessary for the protection of its customers, ClosetMaid owed Plaintiff a duty of care. *See* ECF No. 13 at ¶¶ 33-37. This is sufficient to establish a duty under Maryland law. In Maryland, "[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if . . . (b) he has undertaken to perform a duty owed by the other to the third person[.]" *In re Sabin Oral Polio Vaccine Products Liab. Litig.*, 774 F. Supp. 952, 954 (D. Md. 1991) *aff'd*, 984 F.2d 124 (4th Cir. 1993) (quoting Restatement (Second)

of Torts § 324(A) (1965)); *see also Miller v. United States*, 308 F. Supp. 2d 604, 609 (D. Md. 2004) (recognizing that "[w]hile Maryland appellate courts have not explicitly adopted [this] section[] of the Restatement, case law holds that they are recognized as part of Maryland law") (citing *E.G. Rock, Inc. v. Danly*, 98 Md.App. 411, 423, 633 A.2d 485 (1993)). It is clear that the Home Depot, as a storekeeper, was under a legal duty to exercise reasonable care in regard to the safety of its business invitees, and that pursuant to its arrangement with ClosetMaid, ClosetMaid had undertaken to perform a certain aspect of this duty on Home Depot's behalf – namely the safe installation of its shelving. *See Tucker v. KFC Nat. Mgmt. Co.*, 689 F. Supp. 560, 562 (D. Md. 1988) (a "storekeeper owes his business invitee the duty to maintain his premises in a reasonably safe condition and to warn of latent defects or, stated somewhat differently, the duty of reasonable care for the protection of the business invitee"), *aff'd*, 872 F.2d 419 (4th Cir. 1989). ClosetMaid therefore owed a duty to Plaintiff to exercise reasonable care in the installation of its shelving. *See Brethren Mut. Ins. Co. v. Sears, Roebuck & Co.*, No. 12-0753, 2014 WL 3428931, at *7 (D. Md. July 10, 2014) ("By undertaking to repair and install the refrigerator . . . Sears *and its sub-contractor* Liberty had a duty to exercise reasonable care in installing and repairing the refrigerator.") (emphasis added); *Klein v. Dougherty*, 200 Md. 22, 29, 87 A.2d 821, 825 (1952) (hired installers had duty to exercise reasonable care in performing installation work).

Second, Plaintiff has adequately alleged that ClosetMaid breached its duty to protect Plaintiff from injury by failing "to properly train and supervise their employees and make diligent and reasonable efforts to ensure that its employees, upon completion of the installation of the shelf bracket, secured it and inspect[ed] it to confirm that it was not in a dangerous conditions [sic] for Plaintiff and others who were reasonably expected to come into contact with

it." ECF No. 13 at ¶ 35; *see also id.* at ¶ 37. Third, Plaintiff has adequately alleged that she was injured (s*ee id.* at ¶¶ 4, 39) and, fourth, that those injuries were proximately caused by ClosetMaid's negligent hiring, training, supervision, and performance of services (*see id.* at ¶ 38). Plaintiff has therefore alleged a prima facie claim for negligence against ClosetMaid. ClosetMaid's motion to dismiss must therefore be denied.

### IV.     CONCLUSION

For the reasons discussed, Defendant ClosetMaid's Motion to Dismiss (ECF No. 22) is DENIED. A separate Order follows.

Dated: January 6, 2015                                      /S/
                                                                    George Jarrod Hazel
                                                                    United States District Judge