IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JENNIFER ANDERSON            *

      Plaintiff            *

v.            *    Case No: 8:14-cv-02615 GJH

HOME DEPOT, U.S.A., INC. et al            *

      Defendants            *

\*      \*      \*      \*      \*      \*      \*

**MEMORANDUM IN SUPPORT OF HOME DEPOT'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant HOME DEPOT U.S.A., INC. ("Home Depot"), by counsel, and in support of its Motion for Summary Judgment, states the following:

**GENERAL OVERVIEW**

Plaintiff has filed a multi-count amended complaint against Defendant Home Depot U.S.A., Inc. arising out of an incident in which Plaintiff claims she was struck by a shelf bracket that fell from above her head.[1] See ECF 13. Specifically, Plaintiff asserts that Defendant Home Depot was negligent in its installation and maintenance of the shelf bracket at issue.[2] Plaintiff further claims that Defendant was negligent in its hiring, training and supervision of its former store manager and other employees relative to the bracket at issue.

Home Depot is entitled to summary judgment on Plaintiff's claims of negligence because Plaintiff cannot make out a *prima facie* cause of action. Plaintiff cannot offer any evidence to

---

[1] Plaintiff's amended complaint asserts claims against Defendant Clifford Chapman and ClosetMaid Corporation. Defendant Clifford Chapman was dismissed on his Motion for Failure to State a Claim. See ECF 28. ClosetMaid Corporation was voluntarily dismissed by Plaintiff. See ECF 56.
[2] Although Plaintiff asserts two counts of negligence against Home Depot, Defendant's duty to plaintiff lies under Maryland premises liability law and thus the two counts are addressed together herein.

1

prove the existence of a dangerous condition or that Home Depot had actual or constructive notice of such a condition. Plaintiff also lacks evidence to support a claim of negligent hiring, retention and training. Accordingly, judgment should be entered in favor of Home Depot on Plaintiff's Amended Complaint.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment will be granted if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). The moving party may discharge its burden by demonstrating "an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S., at 325. Mere allegations of a factual dispute are insufficient to allow a party to survive summary judgment where there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Those facts must be evidence; speculation or conclusory allegations will not defeat a motion for summary judgment. See CBX Techs, Inc. v. GCC Techs., LLC, 533 Fed. Appx. 182, 184 (4th Cir. 2013) ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.") (quoting Francis v. Booz, Allen Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006)). The moving party is entitled to summary judgment where the nonmoving party is unable to offer more than speculation to support its cause of action; indeed, the "affirmative obligation of the trial judge [is] to prevent factually unsupported claims and defenses from proceeding to trial. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (internal citations omitted).

Subject matter jurisdiction in this case is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. When a federal court's jurisdiction is based on diversity of citizenship, the court must apply the substantive law of the state where it sits. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938). In this case, the Court must apply Maryland's law on negligence.

## MATERIAL FACTS NOT IN DISPUTE

This action arises out of an incident that allegedly occurred on October 30, 2011 at a Home Depot store in Waldorf, Maryland (the "Waldorf Store."). Specifically, Plaintiff alleges that she visited the Waldorf Store sometime in the evening, looking to purchase a ClosetMaid pantry shelf. Anderson Dep. 36:14–37:16, August 26, 2015, attached hereto as **Exhibit A**. Plaintiff made her way to the Waldorf Store's ClosetMaid aisle and located the pantry shelf product bin. Anderson Dep: 38:8–16 (Exh. A).

There were three styles of shelving available in this particular product bin. Anderson Dep: 40:11–41:1 (Exh. A). Wire shelving sat on the far left side of the bin; smaller pantry shelves sat in the middle of the bin; and large pantry shelves sat on the right of the bin. Anderson Dep: 40:11–41:1 (Exh. A); see also **Exhibit B**, photographs of the ClosetMaid bin. All of the ClosetMaid shelves rested on a raised platform. See Anderson Dep: 42:2–19 (Exh. A). The outermost edge of the platform contained a small lip, such that in order to remove one of the shelving products, customers would have to raise it up over the lip. Anderson 41:8–43:18 (Exh. A); see also Exh. B.

The large and small ClosetMaid pantry shelves were stacked vertically. See Exh. B. A ClosetMaid display shelf (the "Display Shelf") had been installed above the vertically stacked ClosetMaid products, so that customers could see what the ClosetMaid shelving looked like. Yates Dep. 95:6–96:21, October 14, 2015, attached hereto as **Exhibit C**; Russell Dep. 15:4–

16:12, September 22, 2015 attached hereto as **Exhibit D**; see also Exh. B. Merchandise is not stored on the display shelf. Russell Dep. 29:18-20 (Exh. D); see also Exh. B.

Plaintiff approached the ClosetMaid bin without looking up at the top of the pantry shelves. Anderson Dep. 43:8–44:3 (Exh. A). She selected a smaller pantry shelf from the middle of the ClosetMaid bin to purchase, without looking up. Anderson Dep: 40:8–41:1, 43:8–44:3 (Exh. A). She grabbed onto this small pantry shelf with both hands and began raising the shelf to lift it over the bin's lip, still without looking up. Anderson Dep. 42:20–43:18 (Exh. A). As the Plaintiff pulled this particular shelf free from the display, she "felt the top of it tap something." Anderson Dep. 43:19–21 (Exh. A). At that moment, the Plaintiff looked up for the first time. Anderson Dep. 43:19–44:3 (Exh. A). As she looked up, she saw a bracket falling towards her. Anderson Dep. 43:19–44:3 (Exh. A). Plaintiff testified that the bracket hit the top of her head, her nose, her cheek, and then her shoulder, before falling to the floor. Anderson Dep. 43:19–44:3; 46:21–48:2 (Exh. A). Plaintiff never saw the actual condition of the top of the ClosetMaid display or the Display Shelf until after this bracket fell. Anderson Dep. 43:19–44:3 (Exh. A).

There are no facts to suggest how or why this particular bracket came to fall on the Plaintiff. The Plaintiff did not see whether the bracket which hit her was a part of the Display Shelf, or whether the bracket was resting on top of the Display Shelf, or whether the bracket was simply tangled among the various shelving units. See Anderson Dep. 43:19–44:3 (Exh. A). Plaintiff simply did not look or see the condition of the ClosetMaid display before the accident occurred. See Anderson Dep. 43:19–44:3 (Exh. A). As such, there is no factual evidence to support how the bracket appeared prior to the incident of which Plaintiff claims.

Just as there is no evidence of the bracket's actual condition or placement prior to the incident complained of by plaintiff, there is also no evidence as to the length of time the alleged

unknown condition existed prior to the incident at issue. Home Depot displays are inspected daily and continuously through out the day by Home Depot employees. Russell Dep. 10:24–11:2, 13:11–14:5, 23:21–24:22 (Exh. D) Home Depot's Answer to Plaintiff's Interrogatory No. 5 attached hereto as **Exhibit E**. Prior to the incident at issue, Home Depot had no knowledge of any dangerous condition of the Closetmaid shelving. Russell Dep. 17:16–18:2 (Exh.D); Jewell Dep. 27:16-18, September 22, 2015 attached hereto as **Exhibit F**. Home Depot's Ans. to Plaintiff's Int. Nos. 9, 14 (Exh. E). In fact, the incident at issue was highly unusual. Russell Dep. 25:23–26:2 (Exh. D); see also Home Depot's Ans. to Plaintiff's Int. No. 13 (Exh. E).

Moreover, there is no evidence as to who caused the yet unknown condition of the bracket prior to the incident. The Display Shelf was accessible to Home Depot employees, ClosetMaid employees and customers. See Home Depot's Ans. to Plaintiff's Int. No. 3 (Exh. E). Throughout the Waldorf Store, Home Depot uses "rolling ladders"—ladders which Home Depot employees can use to get items which have been placed on high shelves. Yates Dep. 88:16–20 (Exh. C). These ladders have signs on them which say: "Employee use only"; however, customers will occasionally (and impermissibly) use these ladders themselves to reach out-of-reach items. Yates Dep. 90:12–18, 91:10–13, 93:3–11 (Exh. C). Additionally, Home Depot customers will, on occasion, remove items from merchandising displays to purchase and attempt to buy them. Yates Dep. 65:10–66:15 (Exh. C). There is no evidence as to whether a Home Depot employee, ClosetMaid employee, or Home Depot customer loosened any part of the Display Shelf or improperly placed a ClosetMaid bracket on top of the Display Shelf.

If the bracket which fell on the Plaintiff was a part of the Display Shelf, there is no evidence that the Display Shelf was installed by Home Depot. In fact, the Display Shelf was not installed by Home Depot but was installed by a contractor hired and paid by ClosetMaid

Corporation. See Home Depot's Response to ClosetMaid's Request for Admission Nos. 11, 13, attached hereto as **Exhibit G**.

## ARGUMENT

I. **HOME DEPOT IS ENTITLED TO SUMMARY JUDGMENT ON COUNTS I AND II OF PLAINTIFF'S COMPLAINT AS PLAINTIFF CANNOT ESTABLISH HER CLAIM**

In Maryland, a proprietor of a store "owes a duty to his customers to exercise ordinary care, [and] to keep the premises in a reasonably safe condition." Moulden v. Greenbelt Consumer Servs, Inc., 239 Md. 229, 232-33, 210 A.2d 724, 726 (1965). The mere happening of an accident in the proprietor's store, however, does not create any presumption of negligence. Garner v. Supervalue, Inc., 396 Fed. Appx. 27, 29 (4th Cir. 2010) ("No presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store.") (quoting.Rawls v. Hochschild, Kohn & Co., 207 Md. 113, 117, 113 A.2d 405, 408 (Md. 1955). "Maryland courts have emphasized that a store operator is 'not an insurer of the safety of his customers.'" McCrae, v. Shoppers Food Warehouse Corp., 2012 U.S. Dist. LEXIS 88838 at *5-6 (D. Md. 2012) (quoting Moulden, 305 Md. At 320, 503 A.2d at 1343)) aff'd 504 Fed. Appx. 240 (4th Cir. Md. 2013).

To sustain a claim of negligence against a proprietor, a plaintiff must establish that: (1) a dangerous condition existed, and (2) the proprietor either created the dangerous condition or had actual or constructive knowledge of its existence prior to the plaintiff's injury. Maans v. Giant of Md., LLC, 161 Md. App. 620, 871 A.2d 627, 630-32 (2005); Rehn v. Westfield Am., 153 Md. App. 586, 593, 837, A.2d 981 (2003). The Plaintiff's case here fails on both counts.

**A. The Plaintiff cannot establish a *prima facie* case of premises liability because there is no evidence that a dangerous condition even existed.**

"To sustain a negligence action under Maryland law, a plaintiff must present evidence to support its claim that a dangerous condition existed on the defendant's premises." McCrae, 2012 U.S. Dist. LEXIS 88838 at *9. To this end, the Plaintiff has the burden to prove and articulate *why* a particular condition was unreasonably dangerous. Id.; Garner v. Supervalu, Inc., 396 Fed. Appx. 27, 30 (4th Cir. 2010). If the Plaintiff cannot provide any evidence as to the actual condition of the alleged hazard which caused her injury before the accident occurred, then she cannot recover as a matter of law. Garner, 396 Fed. Appx. at 30; McCrae, 2012 U.S. Dist. LEXIS 88838 at *9; Carter v. Shoppers Food Warehouse MD Corp., 126 Md. App. 147, 164, 727 A.2d 958, 967 (1999).

When a plaintiff cannot provide evidence as to the actual condition of the hazard which she claims injured her, summary judgment is appropriate. Garner, 396 Fed. Appx. at 30. For example in Garner, a plaintiff filed suit against a grocery store after she fell on a carpeted floor mat on the store's premises. Id. at 28. The plaintiff did not observe anything unusual or dangerous about the carpet before she fell. Id. After her fall, however, she noticed that one corner of the carpet had been turned up. Id. at 28–29. She filed suit against the store-owner for premises liability, but was unable to provide any evidence as to whether the carpet was rolled up *before* her fall. Id. Because the plaintiff was unable to provide any evidence as to the mat's actual condition before the accident, she could not prove that the mat's condition was dangerous when she encountered it. Id. As such, the Fourth Circuit upheld the lower court's decision to grant summary judgment in favor of the defendant. Id. In concluding, the court noted that "the only evidence [plaintiff] presented that was not conjecture was that she fell on the carpet. Whether the carpet was turned up prior to her fall and if so, the length of time it was turned up were matters of mere speculation." Id. (quoting Carter, 126 Md. App. at 164, 727 A.2d at 967).

Just as the plaintiff in Garner could not identify the condition which caused her injuries, the Plaintiff here cannot provide any evidence as to the actual condition of the alleged hazard which she claims caused her injury. See Anderson Dep 43:19–44:3 (Exh. A). As the Fourth Circuit articulated in Garner, the Plaintiff has the burden to prove that some dangerous condition existed *before* her accident occurred. 396 Fed. Appx. at 30. Yet, in the instant case, the Plaintiff cannot present any evidence as to whether a dangerous condition existed before her accident; Plaintiff cannot present any evidence to establish where the bracket was located or how it was situated in the ClosetMaid bin prior to the alleged incident. See Anderson Dep. 43:19–44:3 (Exh. A). Like Garner, the only evidence the Plaintiff can introduce which is not conjecture is that a bracket fell on her. 396 Fed. Appx. at 30; see Anderson Dep. 43:19–44:3 (Exh. A). Whether the bracket was situated dangerously or negligently loose at the time are matters of mere speculation. Id. Because the Plaintiff cannot offer any evidence that the condition which harmed her was actually dangerous before she encountered it, her case must fail as a matter of law. Id.

Furthermore, when the Plaintiff cannot identify which of several possible conditions resulted in her injury, her claim cannot survive a motion for summary judgment. See McCrae, v. Shoppers Food Warehouse Corp., 2012 U.S. Dist. LEXIS 88838 at *6 (D.Md. 2010). In McCrae, the Plaintiff claimed that she was shopping in a Shoppers Food Warehouse store, when she tripped on a "metal slat" containing several metal bolts. Id. After falling, she looked at the metal plank and saw that there were a "couple bolts that [were] in the metal, and you could see that one of [the bolts] might be higher than the other[s]." Id. As the plaintiff was unsure precisely what caused her to fall, she alternatively claimed that her fall was caused "either by the metal slat in the door, or the bolt, or screw in the metal slat." Id. The Court rejected these alternative theories, and explained that the Plaintiff's case relied on pure speculation. Id. As there was no

8

evidence as to what condition actually caused the Plaintiff's injury, the Court granted the defendant's motion for summary judgment. Id.

Just as in McCrae, the Plaintiff here does not know the actual condition which caused her accident. Anderson Dep 43:19–44:3 (Exh. A). Thus, just as in McCrae, the Plaintiff has offered several possible alternative theories for why the bracket fell (*i.e.* perhaps the bracket was improperly installed in the Display Shelf or perhaps the bracket was resting precariously on top of the Display Shelf). Yet, just as in McCrae, there is no evidence to support either of these alternative theories. 2012 U.S. Dist. LEXIS 88838 at *6; see Anderson Dep 43:19–44:3 (Exh. A). As in McCrae, Plaintiff should not be permitted to proceed with her claim on mere conjecture and summary judgment is appropriate.

As there is no evidence regarding the actual condition of the ClosetMaid bracket *before* the Plaintiff's accident, the Plaintiff is essentially asking this Court to *assume* that a dangerous condition existed prior to her fall, simply because an accident occurred. To allow Plaintiff to proceed with her claim, would fly in the face of the long standing Maryland principle that the mere happening of an accident does not support a claim of negligence. Rehn v. Westfield Am., 153 Md. App. 586, 593, 837 A.2d 981, 984 (2003) ("'[S]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises.'") (quoting Giant Food, Inc. v. Mitchell, 334 Md. 633, 636, 640 A.2d 1134, 1135 (1994)), cert. denied, 380 Md. 619, 846 A.2d 402 (2004). Speculation is insufficient to survive a motion for summary judgment, and, as such, the Plaintiff's claim must fail as a matter of law. See Id.; Garner v. Supervalue, Inc., 396 Fed. Appx. 27, 29 (4th Cir. 2010).

**B. Even assuming that a dangerous condition existed, the Plaintiff's case must fail because she cannot prove that Home Depot created or had knowledge of the dangerous condition.**

Even if this Court finds that there is sufficient evidence to prove the existence of a dangerous condition, the Plaintiff's case still must fail as a matter of law because in Maryland, the mere existence of a defect or dangerous condition is insufficient by itself to establish liability against a property owner. <u>Garner</u>, 396 Fed. Appx. at 29. <u>Id.</u> To succeed, the Plaintiff must also prove that either: (1) Home Depot created the dangerous condition, or (2) Home Depot had actual or constructive notice of the dangerous condition. Id. (citing <u>Moulden v. Grenbelt Consumer Services, Inc.</u>, 239 Md. 299, 210 A.2d 724, (1964)).

In this case, there is no evidence that Home Depot had actual knowledge of the condition which allegedly harmed the Plaintiff. Russell Dep. 25:7 (Exh. D); Jewell Dep. 27:16-18 (Exh. F); Home Depot's Answer to Plaintiff's Interrogatory No. 9, 14 (Exh. E). As such, the Plaintiff must prove either that Home Depot created the danger or that Home Depot had constructive notice of the danger.

**1. Plaintiff cannot prove that Home Depot had any constructive notice of a dangerous condition.**

In Maryland, a plaintiff can establish that a store owner had constructive notice of a dangerous condition by proving that the dangerous condition existed for some period of time prior to the accident. <u>Moulden v. Greenbelt Consumer Services, Inc.</u>, 239 Md. at 233, 210 A.2d at 726. If the Plaintiff cannot provide any evidence to suggest how long a dangerous condition existed prior to the accident, the defendant cannot be charged with constructive notice of the condition. <u>Id.</u>

For example in <u>Sinnott v. Wal-Mart Stores</u>, the Plaintiff claimed that she had slipped and fallen on water which had dripped from an overhead cooling duct. 2000 U.S. Dist. LEXIS 23305

at *1 (D. Md. 2000). There was no evidence that Wal-Mart actually knew that the overhead cooling duct had been leaking, and there was no evidence as to how long the duct might have been leaking. Id. at *6. In granting Wal-Mart's motion for summary judgment, the Court explained:,

> "Plainly, [plaintiff] has not marshaled any evidence, aside from her own speculation, to establish how long the condition was present or that it would have been visible to one of Defendant's employees such that it would have been discovered in the exercise of due care. Evidence is legally sufficient to warrant the submission of a case to a jury only if it rises above speculation and conjecture."

Id. As the plaintiff could not establish any evidence as to how long the dangerous condition existed, summary judgment was appropriate. see also Rawls v. Hochschild, Kohn & Co., 207 Md. 113, 113 A.2d 405 (1955) (explaining that there was insufficient evidence to establish that the store owner had notice of a dangerous condition because it was possible that a customer created the dangerous condition moments before the accident); Zilchikhis v. Montgomery County, 223 Md. App. 158, 170, 115 A.3d 685, 692 (2015) (explaining that if a plaintiff cannot produce any evidence that a hazardous condition "existed for any significant period of time" prior to an accident, then the plaintiff cannot recover, as a matter of law).

Just as the plaintiffs from Sinnot, Rawls, and Zilchikhis, the Plaintiff here cannot offer any evidence to suggest how long the dangerous condition existed prior to its fall.[3] Indeed, she cannot marshal any evidence, aside from her own speculation, how long the bracket which fell on her was placed in a loose, precarious, or dangerous position. As the Plaintiff cannot provide any evidence to establish how long the dangerous condition likely existed, she cannot prove that Home Depot had constructive notice of any dangerous condition. Rawls, 207 Md. at 113, 113 A.2d at 405; Zilchikhis, 223 Md. App at 170, 115 A.3d at 692, Sinnot, 2000 U.S. Dist. LEXIS

---

[3] Indeed, Plaintiff cannot even establish the condition of the bracket before the accident. It would be ludicrous for the Plaintiff to argue that, while the actual condition of the bracket is entirely unknown, she can, somehow, prove that the bracket sat in this unknown (but dangerous) condition for some definite amount of time.

11

23305 at *1. Thus, to succeed on her lawsuit, the Plaintiff must instead prove that Home Depot **created** the dangerous condition.

   2. **Plaintiff cannot prove that Home Depot created the condition.**

To support a claim for negligence at the summary judgment stage on the theory that the defendant created the dangerous condition which caused her injury, a plaintiff "[m]ust introduce specific factual evidence to support its theory of causation and not rely on mere speculation." Frostbutter v. Bob Evans Farms, Inc., 2013 U.S. Dist. LEXIS 111265 at *19–20 (D. Md. 2013); see also Ross v. F.D.I.C., 625 F.3d 808, 817 (4th Cir. 2010) ("To survive summary judgment, the non-movant must bring forth 'fact specific and not merely speculative' evidence establishing the cause of her injury.") (quoting Driggers v. Sofamor, S.N.C., 44 F. Supp. 2d 760, 765 (M.D.N.C. 1988)). This evidence must amount to a "probability not just a possibility" that the plaintiff's injuries were caused by the defendant's negligence." Miskin v. Baxter Healthcare Corp., 107 F. Supp.2d 669, 671-72 (D. Md. 1999) aff'd 213 F.3d 632 (4th Cir. 2000). A plaintiff may offer alternative theories of causation for a jury to consider; however, "the jury cannot be allowed to speculate as to what, out of infinite possibilities," might have caused an accident. Garval v. City of Rockville, 177 Md. App. 721, 730–31 938 A.2d 51, 56 (2007).

If there are several possible causes for the Plaintiff's injury—some of which were created by the defendant and others of which were not— and there is "no evidence to suggest that one possible cause was more probable than another" then the plaintiff's case must fail as a matter of law. Garval, 177 Md. App. at 730–31, 938 A.2d at 56; see also Schneider v. Ed's Marine Superstore, Inc., 2015 U.S. Dist. LEXIS 93113 at *16-17 (D. Md. 2015); Frostbutter v. Bob Evans Farms, Inc., 2013 U.S. Dist. LEXIS 111265 (D. Md. 2013).

For example, in Garval, a 92-year-old plaintiff suffered a fall at a Bar Mitzvah reception. 177 Md. App. at 724–25, 938 A.2d at 52–53. The plaintiff had walked outside and then fallen onto a step which separated the patio from the lawn. Id. The plaintiff was unsure what specifically had caused her fall, but articulated several potential theories including: (1) that her fall was caused by the defendant's failure to include a handrail at the accident scene, which was in violation of local ordinance, (2) that her fall was caused by the defendant's failure to include warning stripes on the step, in violation of local ordinance; or (3) that her fall was caused by a defect with the step itself. Id. at 725; 938 A.2d at 53. The court noted that there were several other potential explanations for the Plaintiff's fall—for example, the Plaintiff might have slipped on something dropped by another guest, or might have simply become dizzy. Id. at 731, 938 A.2d at 56.

The Court further noted that there was no evidence which suggested that any one of these theories was more likely than any other and that "[n]o one, including the [plaintiff] knows why she fell." Id. Indeed, the plaintiff could not remember whether she saw the steps before she fell, which step she fell on, where she had been when she fell, or whether she noticed any particular defect with the stairs before she fell. Id. As the plaintiff could not explain how or why her fall had occurred, all of her theories amounted to "rank speculation." Id. As such, the Court of Special Appeals affirmed the trial court's decision to grant the defendant's motion for summary judgment. Id.; see also Schneider, 2015 U.S. Dist. LEXIS 93113 at *19–20 (D. Md. 2015) (explaining that a plaintiff who had tripped and fallen on a sidewalk without noticing any sidewalk defects prior to his fall, could not later argue that his fall had been caused by sidewalk defects which he had only discovered post-facto) (citing Marchant v. Boddie-Noell Enters., Inc., 344 F. Supp.2d 495, 499 (W.D. Va. 2004)).

In this case—just as in Garval—no one, including the Plaintiff herself, knows what caused this bracket to fall on her. Garval, 177 Md. App. at 731, 938 A.2d at 56; Anderson Dep. 44:15–46:21 (Exh. A). In Garval, the plaintiff did not remember seeing the steps before she fell, could not recall which step she faltered on, and did not remember seeing any defect in the stairs before the accident. Id. Similarly here, the Plaintiff does not remember seeing any bracket before it fell, is unsure where the bracket fell from, and does not remember seeing any defect in the Display Shelf or ClosetMaid bin before the accident. Anderson Dep 43:19–44:3 (Exh. A). There are no facts to suggest how the dangerous condition came into existence, or even where the falling bracket fell from. Thus, just as in Garval, there is "nothing in the factual arsenal with which to wage a dispute." Id. See also Ronk v. Corner Kick, 850 F. Supp. 369, 371 (D. Md. 1994) ("Where [a dangerous condition] is explainable by causes beyond the proprietor's control as well as within it, it is impermissible for a trier of fact to conclude that the proprietor's cause was the cause-in-fact.")

Even if this Court assumes that the fallen bracket had originally been installed as a part of the Display Shelf,[4] there is no evidence as to whether the bracket had been installed improperly. Russell Dep. 17:16-18:2 (Exh. D); Home Depot's Ans. to Plaintiff's Int. Nos. 9, 14 (Exh. E). Even if this Court makes a second assumption that the bracket which fell on the Plaintiff *had* been improperly installed, there is no evidence to support that Home Depot had installed the Display Shelf. Home Depot's Responses to Requests for Admission, No. 11 (Exh. G).

---

[4] This seems unlikely considering that photographs of the Home Depot display do not show any missing bracketing in the area where Plaintiff claims to have been standing prior to being struck by the bracket. See Exh. B. The only bracket from the Display Shelf which appears to be missing is located on the far right hand side of the ClosetMaid bin, a few feet from where she was retrieving the product from the bin. Anderson Dep: 40:8–41:1, 43:8–44:3. For plaintiff's theory of the accident to be believed one would have to make the improbable assumption that the bracket came off of the display to her far right and travelled a few feet to its left to strike her.

Even if the Court makes a third assumption that Home Depot had installed the Display Shelf, there is no evidence to suggest that the bracket fell *because* of its improper installation. Indeed, it is just as likely that the bracket became loose after another Home Depot customer manipulated the Display Shelf. As former Home Depot employee, Yates, explained in his deposition, Home Depot employees were permitted to leave twelve foot rolling ladders in the store aisle. Yates Dep. 88:16–91:19 (Exh. C). Although these ladders are painted with a sign that says "store use only," customers occasionally use these ladders to reach taller display items. Yates Dep. 95:6–21 (Exh. C). Furthermore, customers would occasionally remove display items from displays to purchase. Yates Dep. 65:10–66:15 (Exh. C). Thus, the Display Bracket could have become dangerous after some unknown Home Depot customer had attempted to remove pieces of it to purchase prior to the Plaintiff's accident. Yates Dep. 65:10–66:15 (Exh. C).

If this Court assumes, on the other hand, that the fallen bracket had been resting on top of the Display Shelf before the Plaintiff's accident, there is absolutely no evidence as to whether the loose bracket was placed there by a Home Depot employee, a ClosetMaid employee, or by another Home Depot customer who had impermissibly used one of Home Depot's rolling ladders to reach the top of the Display Shelf. See Yates Dep. 88:16–91:19 (Exh. C). Thus the allegedly negligent placement of the ClosetMaid bracket "is explainable by causes beyond the proprietor's control as well as within it." See <u>Ronk v. Corner Kick</u>, 850 F. Supp. at 369. Therefore, "it is impermissible for a trier of fact to conclude that the proprietor's cause was the cause-in-fact" and summary judgment in favor of the defendant is appropriate. <u>Id.</u>

The Plaintiff is unable to provide evidence to support any of her alternative theories as to what caused this accident. She cannot present any facts regarding the *actual* condition of the ClosetMaid bin or the Display Shelf—there is "nothing in the factual arsenal with which to wage

a dispute." <u>Garval</u>, 177 Md. App. at 731 938 A.2d at 56. As such, summary judgment is appropriate. <u>Id.</u>

**II.   HOME DEPOT IS ENTITLED TO JUDGMENT IN ITS FAVOR ON COUNT III OF HER COMPLAINT AS THERE IS NO EVIDENCE THAT HOME DEPOT NEGLIGENTLY HIRED, SUPERVISED OR TRAINED AN EMPLOYEE.**

In Count III of Plaintiff's Amended Complaint, she asserts that Home Depot negligently, hired, trained and supervised its employees to guard against injuries to customers in the store. In Maryland, to succeed on a claim of negligent hiring, training, or supervision the Plaintiff must prove that: (1) her injury was caused by the tortious conduct of an employee, (2) that the employer knew or should have known that this employee was capable of inflicting harm or some type of harm, (3) that the employer failed to use proper care in selecting, supervising, training, or retaining that employee, and (4) that the employer's breach of these duties was the proximate cause of the Plaintiff's injuries. <u>Asphalt Concrete Servs. v. Perry</u>, 221 Md. App. 235, 257, 108 A.3d 558, 571 (2015) (citing <u>Latty v. St. Joseph's Soc. of the Sacred Heart, Inc.</u>, 198 Md. App. 254, 272–73, 17 A.3d 155 (2011).

The crux of this claim is that one of the defendant's *specific* employees was unfit for his position, or improperly trained, and that his unfitness caused the Plaintiff's harm. <u>See Economides v. Gay</u>, 155 F. Supp.2d 485, 489 (D Md. 2001). Put another way:

> Under Maryland law, an employer's liability [for Negligent Hiring, Supervision, and Training] is not to be reckoned simply by the happening of the injurious event. Rather there must be a showing that the employer failed to use reasonable care in making inquiries about the potential employee or in supervising or training the employee."

<u>Id.</u> (quoting <u>Gay v. United States</u>, 739 F. Supp. 275, 276 (D. Md. 1990) (internal citation omitted)). Thus, to succeed on a claim of negligent hiring, training or supervision, the Plaintiff must present evidence of a specific incidence illustrating that Home Depot failed to use

reasonable care in employing, training, or supervising its employees. See Perry, 221 Md. App. at 257, 108 A.3d at 571; Economides, 155 F. Supp.2d 485 at 489

For example, in Economides, the plaintiff filed several claims against Gay and his employer Dean Witter Reynolds, Inc. ("Dean Witter"). 739 F. Supp. at 276. The plaintiff filed a specific claim against Gay alleging that Gay had made intentional or negligent misrepresentations to the Plaintiff. Id. at 488. The plaintiff also filed a claim of negligent hiring, supervision, and retention against Dean Witter. Id. The plaintiff, however, was unable "to allege a specific instance illustrating that Dean Witter had failed to use reasonable care in employing this particular employee." Id. Indeed, the plaintiff could not provide any fact which suggested that this Dean Witter had been unreasonable in employing, training, or supervising this employee. Id. As such, the District Court granted Dean Witter's motion to dismiss. Id.; see also Horridge v. St. Mary's County Dep't of Soc. Servs., 382 Md. 170, 181, 854 A.2d 1232, 1236 (2004) (explaining that a claim for negligent hiring, training, and supervision were "woefully inadequate to state a cause of action" when there was no allegation that particular employees were professionally or personally unqualified.).

Similarly, in the instant case, the Plaintiff's negligent hiring, training and supervision claim must fail because the plaintiff has failed to allege or provide any evidence of any specific instance in which Home Depot failed to use reasonable care in hiring, supervising or training any employee. Economides, 155 F. Supp.2d at 489–90. Indeed, the Plaintiff's claim here is much weaker than the claim asserted by the plaintiff in Economides because, here, the Plaintiff cannot even identify a specific employee who was underqualified, under supervised, or improperly trained.[5] There is no fact to suggest that any Home Depot employee was unfit for his job. See

---

[5] Even assuming that Plaintiff is asserting her claim of negligent hiring, retention and training as to former Home Depot employee Clifford Chapman, there is no evidence that he was involved in the installation of the display at

17

Henley v. Prince George's County, 60 Md. App. 24, 27, 479 A.2d 1375, 1380 *rev'd on other grounds by* 305 Md. 320, 503 A.2d 1333 (explaining that to succeed on a claim of Negligent Hiring, the Plaintiff must "show that the employee was unfit for the job"). Moreover, there is no evidence that the alleged unfitness of any Home Depot employee was a cause of the Plaintiff's injury. As the Plaintiff cannot identify a specific instance illustrating Home Depot failed to use reasonable care in hiring, training, or supervising its employees, her claim for negligent hiring, supervision and training must fail. Perry, 221 Md. App. at 257, 108 A.3d at 571; Economides, 155 F. Supp.2d 485 at 489.

## CONCLUSION

To survive summary judgment the Plaintiff must provide some factual evidence in support of her claims. She cannot produce any evidence that any part of the ClosetMaid display was dangerous, she cannot prove that Home Depot had any notice of any dangerous condition and she cannot prove that Home Depot negligently hired, trained or supervised its employees. Because the Plaintiff cannot provide any evidence to establish a *prima facie* case of negligence summary judgment must be granted.

/s/ Rachel L. Stewart
Rachel L. Stewart, Esq., (No. 27352)
KALBAUGH, PFUND & MESSERSMITH, P.C.
3950 University Drive, Suite 204
Fairfax, Virginia 22030
(703) 691-3331
(703) 691-3331 (fax)
Rachel.Stewart@kpmlaw.com

Brian A. Cafritz, Esq.
Kalbaugh, Pfund & Messersmith, P.C.

---

issue. In fact, Chapman denied in his affidavit in support of his motion to dismiss that he was involved in the installation of the display. See ECF 7-2. Further, as set forth herein, Home Depot did not install the display. See Response to Request for Admissions, No. 11 (Exh. G).

18

901 Moorefield Park Drive, Suite 200
Richmond, Virginia  23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com

*Attorneys for Home Depot U.S.A. Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of Home Depot's Memorandum in Support of its Motion for Summary Judgment was electronically filed this 14th day of November, 2016 through the Court's CM/ECF system, which sent an electronic notification to:

Michael J. Schreyer, Esq.
8 Post Office Road
Waldorf, Maryland 20602
*Attorney for Plaintiff*

        /s/ Rachel L. Stewart
Rachel L. Stewart, Esq., (No. 27352)
KALBAUGH, PFUND & MESSERSMITH, P.C.
3950 University Drive, Suite 204
Fairfax, Virginia 22030
(703) 691-3331
(703) 691-3331 (fax)
Rachel.Stewart@kpmlaw.com

Brian A. Cafritz, Esq.
Kalbaugh, Pfund & Messersmith, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com

*Attorneys for Home Depot U.S.A. Inc.*